IN THE UNITED DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No.: 1:14-CR-256 |
| | : | |
| **NIBEDITA MOHANTY, M.D.** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT 1, CONSPIRACY TO DISTRIBUTE AND DISPENSE CONTROLLED SUBSTANCES

Count 1 of the indictment against the Accused, Nibedita Mohanty, M.D., fails to allege facts constituting the elements of the charged offense of conspiracy to distribute or dispense controlled substances. "An indictment must set forth each element of the crime that it charges." *United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007) (quoting *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998)). While the language of the statute may be used to describe the alleged offense, "it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense . . . ." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Because Count 1 fails to allege facts or circumstances supporting every element of the charged offense, the movant respectfully requests the Court to dismiss Count 1.

## BACKGROUND

On July 24, 2014, the government obtained a forty-five-count indictment against Dr. Mohanty alleging conspiracy to distribute or dispense controlled substances, numerous violations of the Controlled Substances Act, aiding and abetting healthcare

1

fraud, and aiding and abetting money laundering.  Count 1 of the indictment alleges that Dr. Mohanty conspired with at least twenty patients to distribute and dispense controlled substances in violation of the Controlled Substances Act, 21 U.S.C. § 841(a).  The indictment states that the purposes of the "conspiracy" were "[t]o make as much money as possible by distributing and dispensing controlled substances . . . [,]" "[t]o facilitate the re-distribution of controlled substances," and "[t]o satisfy the demand for illegal distribution, sale, and consumption of controlled substances . . . ."  Count 1 alleges that Dr. Mohanty distributed, dispensed, and aided and abetted the distribution of controlled substances by prescribing excessive amounts of controlled substances "with actual knowledge, willful blindness, and deliberate ignorance that these controlled substances were being further distributed, diverted, and abused by her conspirator patients and others."

The indictment proceeds to describe the various acts that Dr. Mohanty is alleged to have engaged in as the ways and means of the alleged conspiracy, including providing early refills of controlled substances, aiding and abetting patients' efforts to defraud healthcare companies, failing to adequately review patient files, increasing doses of controlled substances, failing to counsel patients on alternative treatment options, and ignoring various "red flags" that should have alerted her of possible abuse or diversion of the controlled substances.  The "Overt Acts in Furtherance of the Conspiracy" section of Count 1 describes specific instances of prescriptions or early refills of prescriptions of controlled substances that the government alleges were improper, along with various alleged "red flags" for some patients.  It also describes the many instances in which Dr. Mohanty dismissed patients from her practice for abusing

or diverting controlled substances or otherwise failing to comply with the chronic pain agreements they entered into with Dr. Mohanty. Toward the end of Count 1, the government describes two cash payments by Dr. Mohanty to a pool company for the installation of a swimming pool at her house in the total amount of $32,000. But Count 1 does not state the source of those cash payments or explain in any way the relationship of these transactions to the other allegations in Count 1.

Nowhere in Count 1 does the government allege any facts supporting (1) the allegation of an "agreement" between Dr. Mohanty and any of the named co-conspirators; or (2) knowledge on Dr. Mohanty's part of the purported conspiracy.

**ARGUMENT**

Count 1 fails to allege all the essential elements of the offense of conspiracy to distribute and dispense controlled substances. That offense requires proof of (1) an agreement between two or more persons to violate the Controlled Substances Act; (2) knowledge of the conspiracy and intent to join it; and (3) voluntary participation in the conspiracy. *See* 21 U.S.C. §§ 846 & 841(a). "It is elementary that neither association with conspirators nor knowledge of illegal activity constitute proof of participation in a conspiracy." *Roberts v. United States*, 416 F.2d 1216, 1220 (5th Cir. 1969) (citing *United States v. Falcone*, 311 U.S. 205 (1940)). Moreover, to establish the element of intent to join the conspiracy, "the evidence of knowledge must be clear, not equivocal." *Direct Sales Co. v. United States*, 319 U.S. 703, 711 (1943). And it cannot be based on "suspicion and innuendo." *United States v. Palacios*, 556 F.2d 1359, 1365 (5th Cir. 1977).

The law is clear that association alone is insufficient to prove a conspiracy; rather, the government must prove an agreement to engage in the criminal activity in addition to the intent to agree. *United States v. Amidzich*, 396 F. Supp. 1140, 1146 (E.D. Wis. 1975). In other words, "there must at some point be a meeting of the minds in the common design, purpose, or objects of the conspiracy." *United States v. Butler*, 494 F.2d 1246, 1249 (10th Cir. 1974). And in proving that intent to agree and the ensuing agreement to join the conspiracy, the fact of intentional agreement "cannot 'be made out by piling inference upon inference.'" *Ingram v. United States*, 360 U.S. 672, 680 (1959) (quoting *Direct Sales Co.*, 319 U.S. at 711).

Count 1 of the indictment fails to allege all the necessary elements of a conspiracy. While the government blankly alleges that Dr. Mohanty "did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree" with the named patient co-conspirators, it fails to allege any facts supporting either the intent to agree or the agreement elements of the conspiracy offense. No number of synonyms for the word "conspire" can cure the absence of facts supporting the existence of an agreement in the indictment.

Stripped of the conclusory statements about Dr. Mohanty's intent and the supposed agreement with the named patients, the facts alleged in Count 1 do not indicate any intent to agree, or any agreement between Dr. Mohanty and her patients. Instead, Count 1 describes various prescriptions issued by Dr. Mohanty, interactions with patients, and "red flags" that the government alleges should have alerted Dr. Mohanty about possible abuse or diversion of controlled substances. But none of those facts demonstrates the existence of an agreement between co-conspirators. At most,

4

Count 1 alleges that Dr. Mohanty was aware of the possible abuse or diversion of controlled substances by some of her patients. The fair reading of the indictment is that patients were lying to and misleading Dr. Mohanty versus having any agreement with her. That alone is insufficient to establish the existence of an agreement or the requisite intent to enter an agreement between Dr. Mohanty and her patients. *See United States v. Turner*, 319 F.3d 716, 721 (5th Cir. 2003) ("Mere presence or association alone, however, are not sufficient to prove participation in a conspiracy."); *Roberts*, 416 F.2d at 1220 ("neither association with conspirators nor knowledge of illegal activity constitute proof of participation in a conspiracy.").

What is more, Count 1 does not even allege that Dr. Mohanty was aware of much of the criminal activity of the alleged co-conspirators described at length in the indictment. For example, while Count 1 describes a purported drug distribution ring run by conspirator patients R.K. and K.K., it does not claim that Dr. Mohanty knew of the existence of that drug ring. Similarly, while the indictment states that some conspirator patients obtained prescriptions from Dr. Mohanty for controlled substances after having been convicted of or arrested for drug-related offenses, the indictment does not allege that Dr. Mohanty knew of each of those instances of arrests or convictions. In fact, Count 1 does not even allege that the twenty named "co-conspirator" patients even knew one another.

Simply put, Count 1 attempts to do exactly what the case law prohibits—"piling inference upon inference" in an attempt to establish a conspiracy between Dr. Mohanty and the twenty named patients. *See Direct* Sales, 319 U.S. at 711 ("charges of conspiracy are not to be made out by piling inference upon inference, thus fashioning . .

5

. a dragnet to draw in all substantive crimes."). Lacking in facts indicating the existence of an agreement, the indictment instead relies on "suspicion and innuendo," see *Palacios*, 556 F.2d at 1365, to support the conclusion that an agreement existed despite the absence of any allegation of an actual agreement.

In the absence of facts demonstrating intent to join a conspiracy and an agreement between Dr. Mohanty and the named patients, Count 1 fails to allege all the necessary elements of the charged offense as required by Federal Rule of Criminal Procedure 7(c)(1) and should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Dr. Mohanty moves this Court to dismiss Count 1 of the indictment.

                                                Respectfully Submitted,
                                                NIBEDITA MOHANTY, M.D.
                                                By Counsel

GREENSPUN SHAPIRO PC


BY:_____/s/_____
    Peter D. Greenspun, VSB: 18052
    Jonathan Shapiro, VSB: 13953
    Muhammad Elsayed, VSB: 86151
    3955 Chain Bridge Road, 2nd Floor
    Fairfax, Virginia 22030
    (703) 352-0100
    (703) 591-7268 (facsimile)
    pdg@greenspunlaw.com
    js@greenspunlaw.com
    me@greenspunlaw.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 16th day of January, 2015, the foregoing document was filed with the Court via CM/ECF, and a copy provided via electronic mail to the following:

>Gene Rossi, Esquire
>Assistant United States Attorney
>Jennifer Ballantyne, Esquire
>Special Assistant United States Attorney
>Nicole Grosnoff
>Special Assistant United States Attorney
>U.S. Attorney's Office
>2100 Jamieson Avenue
>Alexandria, Virginia 22314
>gene.rossi@usdoj.gov
>jennifer.ballantyne2@usdoj.gov
>nicole.grosnoff2@usdoj.gov

                                                         /s/
                                    Peter D. Greenspun, Esquire (VSB 18052)
                                    Jonathan Shapiro, Esquire (VSB 13953)
                                    Muhammad Elsayed, Esquire (VSB 86151)