UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff ) | Criminal Case 1:14CR256 |
| ) | |
| v. ) | Motions: February 6, 2015 |
| ) | |
| NIBEDITA MOHANTY, M.D. ) | Judge Liam O'Grady |
| Defendant ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS COUNT ONE

COMES NOW the United States of America, by and through its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Gene Rossi, Assistant U.S. Attorney, and Special Assistant U.S. Attorneys, Jennifer Ballantyne and Nicole Grosnoff, and hereby opposes the Defendant Nibedita Mohanty's Motion to Dismiss Count One of the Indictment (Document 24).

### BACKGROUND

The Government incorporates by reference its "BACKGROUND" and "STANDARD OF REVIEW" as set forth in its opposition (Document 44) to the Motion to Dismiss Count 45 (Document 25).

### ARGUMENT

The Defendant argues that Count One of the Indictment must be dismissed because it "fails to allege facts or circumstances supporting every element of the charged offense." (Def. Mot. at 1). More specifically, the Defendant asserts that the Government fails to allege any facts supporting "(1) the allegation of an 'agreement' between Dr. Mohanty and any of the named co-

conspirators; or (2) knowledge on Dr. Mohanty's part of the purported conspiracy." (*Id.* at 3). The Defendant's assertions are without merit.

I. *The Indictment Sufficiently Charges the Conspiracy Offense*

To convict a defendant of conspiracy under 21 U.S.C. § 846, the government must establish three elements: "(1) an agreement to unlawfully distribute controlled substances existed between two or more persons; (2) [a] defendant[ ] knew of the conspiracy; and (3) [a] defendant[ ] knowingly and voluntarily became a part of this conspiracy." *United States v. Boccone*, 556 F. App'x 215, 236 (2014) (unpublished disposition). The Fourth Circuit held that a "conspiracy indictment under 21 U.S.C. § 846 need not allege any overt acts or name unindicted co-conspirators; it is sufficient if the indictment alleges a conspiracy to distribute drugs, indentifies the time period in which the conspiracy allegedly operated, and specifies the statute allegedly violated." *United States v. Black*, 133 F.3d 917, at *1 (4th Cir. 1997) (unpublished disposition); *see also United States v. Lewis*, 387 F. Supp. 2d 573, 578 (E.D. Va. 2005).

First, the Indictment tracks the statutory language and sets forth the essential elements of the crime. *See also Lindh*, 212 F. Supp. 2d at 575 ("if an indictment sets forth the essential elements of an offense in sufficient detail so as fairly to inform the defendant of the nature of the charge, then it is immune from attack on a motion to dismiss. And, to give a defendant sufficient notice of the charges against him, the indictment need only track the language of the statute at issue.") (internal citations omitted). Second, as required by *United States v. Black*, the Indictment alleges a conspiracy to distribute drugs, states the time frame of the conspiracy, the place of the offense, the controlled substances involved, and cites the statute allegedly violated. 133 F.3d at *1. Third, the Indictment explains the nature and purpose of the conspiracy, the

ways, manners, and means of the conspiracy, and contains ninety-five overt acts providing considerable detail about the conduct allegedly committed in furtherance of the conspiracy. (¶¶ 48-166.)

Moreover, beginning very shortly after the July 2014 arraignment, the Government has provided the Defendant with a massive abundance of discovery, which should aid in fairly informing the Defendant of the nature of the conspiracy charge. *See Lewis*, 387 F. Supp. 2d at 577 ("Discovery provided prior to trial may also supplement an indictment to the extent it enables a defendant to prepare a defense."). Count One, on its face, provides more than enough specificity to inform the Defendant of the charge against her, and therefore satisfies the lenient standard applied when evaluating the legal sufficiency of an indictment at this early stage of the case.

II. ***The Defendant Fails to Identify a Question of Law Appropriate for Review on a Pre-Trial Motion to Dismiss***

The Defendant fails to identify a question of law appropriate for pretrial determination under Rule 12(b). "A pre-trial motion to dismiss under Rule 12(b) Fed.R.Crim.P., 'cannot be based on a sufficiency of the evidence argument because such an argument raises factual questions embraced in the general issue.'" *Lindh*, 212 F. Supp. 2d at 576 (quoting *United States v. Ayarza-Garcia*, 819 F.2d 1043, 1048 (11th Cir. 1987)). Both of the Defendant's assertions, that there was no agreement to violate the law and that the Defendant had no knowledge of the conspiracy, present questions of fact and fall within the province of the finder of fact. *See Lewis*, 387 F. Supp. 2d at 579 ("The defendant's involvement in an alleged conspiracy is a question of fact, and an indictment is not subject to dismissal based on inadequacy or incompetence of evidence presented to a grand jury.").

III. *If Proven, the Facts Alleged in the Indictment are Sufficient to Support the Agreement and Knowledge Elements of 21 U.S.C. § 846*

Looking to the facts contained in the Indictment, if they are proven, they are sufficient to support the agreement and the knowledge elements of the conspiracy charge.

A. *Sufficient Facts are Alleged in Support of the Agreement Element*

"In the context of unlawful distribution of prescription drugs, conspiracy may be established where the defendant 'tacitly agreed with his patients to provide opioid prescriptions without legitimate medical reasons for doing so.'" *Boccone*, 556 F. App'x at 236 (quoting *United States v. McIver*, 470 F.3d 550, 563 (4th Cir. 2006)). Therefore, "it is not necessary to prove a formal agreement to establish a conspiracy[.]" *McIver*, 470 F.3d at 563.

In *McIver*, the defendant doctor was charged with conspiracy for actions arising from his prescription of pain medications to patients at a pain clinic. *Id.* at 552. The government provided evidence that (1) the defendant's "patients were drug addicts who sought treatment from him with the express purpose of obtaining drugs" and (2) the defendant "prescribed drugs in quantities greater than he had reason to believe, or that tests revealed, his patients were using." *Id.* at 563. The Fourth Circuit concluded that "[v]iewed in the light most favorable to the government, this evidence supports a conclusion that McIver tacitly agreed with his patients to provide opioid prescriptions without legitimate medical reasons for doing so." *Id.*

Here, the Indictment sufficiently alleges at minimum a tacit agreement. First, the Indictment specifically alleges that patients sought the Defendant's treatment specifically to procure controlled substances to abuse or distribute. (¶ 58) ("During the course and in furtherance of the conspiracy, patients and conspirator patients visited DR. MOHANTY's medical practice in Stafford, Virginia, on at least a monthly basis for the purpose of obtaining,

4

abusing, diverting, and distributing large quantities of prescription controlled substances.") Second, the Indictment alleges that Dr. Mohanty frequently prescribed large dosages, which were randomly and rapidly increased, without reviewing or obtaining prior medical records to verify the claimed condition, in spite of testing and reports indicating that her patients' were not using the controlled substances as prescribed, and with knowledge that her prescription practices resulted in overdoses and, in some cases, death to her patients. *See* (¶¶ 61-63; 66-67.) Third, in addition to other evidence and testimony that will be presented at trial, the allegations contained in the Indictment, along with the ninety-five overt acts, if proven at trial, are sufficient under *McIver* to show a tacit agreement to prescribe her patients' controlled substances without a legitimate medical purpose and beyond the bounds of medical practice.

    *B.*  *Sufficient Facts are Alleged in Support of the Knowledge Element*

  The government can satisfy the knowledge requirement by showing either "that the Appellant actually knew of the conspiracy, or that he was willfully blind to it by purposely closing his eyes to avoid knowing what was taking place around him." *McIver*, 470 F.3d at 563 (internal citations omitted). "The record need not contain direct evidence . . . that the defendant deliberately avoided knowledge of wrongdoing; all that is necessary is evidence from which the jury could infer deliberate avoidance of knowledge." *United States v. Whittington,* 26 F.3d 456, 463 (4th Cir.1994).

  In *McIver*, the court found the evidence was sufficient to satisfy the knowledge element for conspiracy because the doctor "consistently prescribed large quantities of opioids despite warning signs that his patients were not using their medications as prescribed," "failed to conduct the most basic diagnostic testing before prescribing opioids," found a syringe in a

5

patient's possession, had contact from state officials about a patient selling, and was repeatedly told by a patient that she could not take the medication. 470 F.3d at 564.

First, the Indictment specifically alleges that the Defendant acted with "actual knowledge, willful blindness, and deliberate ignorance." (¶ 53.) Second, much like in *McIver*, the Indictment contains a plethora of allegations that, if true and when taken together, satisfy the knowledge element. *See* (¶¶ 70, 94-97) (alleging that the Defendant prescribed Subutex and Suboxone for office-based narcotic buprenorphine treatment without a "X" DEA Number despite knowledge that she needed the Number); (¶ 66) (alleging that "DR. MOHANTY frequently issued prescriptions for controlled substances to patients and conspirator patients despite obvious indications ("red flags") that such patients and conspirators were abusing, misusing, and distributing the controlled substances she prescribed including, but not limited to, the following: frequent excuses by patients describing lost or stolen prescriptions; urine drug screens showing negative results for the controlled substances prescribed[]; urine drug screens and blood tests that showed the patients tested positive for illicit narcotics (indicating substance abuse); track and ulcer marks found of patients' arms and hands (indicating use of intravenous injections); patients' self-reports of history of addiction; patients' self-reports of arrests for driving while under the influence[]; patients' self-reports of arrests for various drug crimes; patients' self-reports that they were not taking medication as prescribed; PMP reports showing that patients filled controlled substances prescriptions written by multiple practitioners (indicating doctor shopping); patients' unverified claims of allergies to tamper-proof medications[]; and numerous phone calls from individuals claiming that DR. MOHANTY's patients and conspirator patients were distributing or abusing the controlled substances prescribed by DR. MOHANTY").

Second, the Indictment alleges that Dr. Mohanty "made false and misleading statements to conceal her illegal activity about her prescription practices and conduct to regulatory authorities and law enforcement." (¶ 69.) If proven that the Defendant made false and misleading statements to regulatory authorities and law enforcement, this could lead a reasonable juror to infer that the Defendant had some level of knowledge about her involvement in the instant conspiracy, if not consciousness of guilt.

If all of the allegations in the Indictment are proven, it will be clear that the Defendant either had actual knowledge that she was prescribing drugs for non-medical purposes or she was willfully blind and deliberately ignorant of her patient's true motives in seeking her care. Either circumstance sufficiently establishes the Defendant's knowledge of the conspiracy.

## CONCLUSION

The Government respectfully requests that the Defendant's Motion to Dismiss Count One be DENIED.

Respectfully submitted

Dana J. Boente
United States Attorney

By: _____/s/_____
Jennifer Ballantyne
Nicole Grosnoff
Special Assistant U.S. Attorneys (LT)
Gene Rossi
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (202) 957-2996
Fax: (703) 299-3980
Email: Jennifer.ballantyne2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on Tuesday, January 27, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record in this case.

                                              /s/
                                    Jennifer Ballantyne
                                    Nicole Grosnoff
                                    Special Assistant U.S. Attorneys (LT)
                                    Gene Rossi
                                    Assistant United States Attorney
                                    Office of the United States Attorney
                                    2100 Jamieson Avenue
                                    Alexandria, Virginia 22314
                                    Tel: (202) 957-2996
                                    Fax: (703) 299-3980
                                    Email: Jennifer.ballantyne2@usdoj.gov