IN THE UNITED DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | Criminal No.: 1:14-CR-256 |
| NIBEDITA MOHANTY, M.D. | : | |
| Defendant. | : | |

# REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT 1, CONSPIRACY TO DISTRIBUTE OR DISPENSE CONTROLLED SUBSTANCES

In its response to the Defendant's Motion to Dismiss Count 1 (Doc. 46), the government emphasizes the amount of detail in the indictment and the voluminous discovery provided by the government and argues that this information sufficiently places Dr. Mohanty on notice of the charge of conspiracy. To be sure, the indictment does go into much detail, albeit in an incomplete and conclusory fashion, in delineating the government's allegations in Count 1. The government has also provided tens of thousands of pages in discovery. But notably missing from those allegations—and from the discovery—are any facts or circumstances indicating knowledge of a conspiracy by Dr. Mohanty, intent to join the conspiracy, or actual joining of the alleged conspiracy. Indeed, the absence of any information in the indictment regarding any "agreement" or "intent to agree" is quite telling given the lengths to which the government has gone to provide detailed allegations in Count 1.[1]

---

[1] What is striking is the ability of certain Dr. Mohanty patients to conspire with each other and not with Dr. Mohanty to obtain to use and/or sell prescription medications.

1

Despite devoting twenty-one pages of the indictment to describing the alleged conspiracy, other than quoting the statutory language in the beginning of Count 1, the government fails to provide a single allegation of an agreement between Dr. Mohanty and any of her patients to distribute controlled substances. Count 1 is therefore deficient and should be dismissed.

The government argues that it need only track the statutory language of the offense in the indictment. The Supreme Court has explained the standard for the sufficiency of the indictment as follows:

> It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished. Undoubtedly the language of the statute may be used in the general description of an offence, **but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged**.

*Hamling v. United States*, 418 U.S. 87, 117-118 (1974) (internal quotations and citations omitted) (emphasis added). In other words, while the indictment need not allege "every factual nugget necessary for conviction," it must "provide some means of pinning down the specific conduct at issue." *United States v. Fassnacht*, 332 F.3d 440, 445 (7th Cir. 2003).

Here, the indictment provides a litany of allegations of prescriptions that the government maintains were inappropriate, alleged failures to recognize or respond to "red flags" in patient behaviors, and numerous other allegations *relating solely to the underlying substantive offenses* later alleged in Counts 5-42 of the indictment. None of those allegations relates to an "agreement" or "conspiracy" with patients of Dr. Mohanty.

In fact, it is quite notable that in the *underlying substantive* offenses alleged in Counts 5-42 (alleging distribution and dispensation of controlled substances), the government simply lists in a chart the numerous prescriptions it alleges were improperly issued by Dr. Mohanty. No other information about the patients or the propriety of those prescriptions is included in those counts, because the government used all twenty-one pages of Count 1 (the conspiracy charge) to discuss the substance of the allegations later asserted in Counts 5-42. Lost in that jumble, however, is any allegation of an "agreement" that would support a conspiracy charge. The indictment was clearly drafted in this fashion to obscure the lack of a conspiracy prima facie allegation.

Although the government may generally track the language of the statute in describing the offense in the indictment, courts have recognized that "an indictment that parrots the statute is held to be insufficient" where "the factual information that is *not* alleged in the indictment goes to the very *core of criminality* under the statute." *United States v. Kay*, 359 F.3d 738, 756-757 (5th Cir. 2004) (emphasis in original). The very core of criminality in a conspiracy charge is *not* the underlying substance offenses alleged, but the *agreement* and *the intent to agree*. See *Iannelli v. United States*, 420 U.S. 770, 777 (1975) ("Traditionally the law has considered conspiracy and the completed substantive offense to be separate crimes. Conspiracy is an inchoate offense, *the essence of which is an agreement to commit an unlawful act.*") (emphasis added); *United States v. Butler*, 494 F.2d 1246, 1249 (10th Cir. 1974) ("there must at some point be a meeting of the minds in the common design, purpose, or objects of the conspiracy.").

Indeed, it is well-established that a criminal act cannot constitute a conspiracy when that act is the conspiracy's substantive crime. *United States v. Garcia*, 89 F.3d 362, 365 (7th Cir. 1996) ("a sale agreement cannot constitute a conspiracy when the sale itself if the conspiracy's substantive crime."). In other words, the government cannot—as it seeks to do here—simply tack on a conspiracy charge to the substantive offenses alleged in the conspiracy without providing allegations indicating an agreement between the alleged conspirators. *See United States v. Dansker*, 537 F.2d 40, 51 (3d Cir. 1976) ("the crime of conspiracy is separate and distinct from the related substantive offense. It requires proof of the additional element of an agreement between the alleged co-conspirators. Hence, it is neither illogical nor impossible for a jury to find an alleged conspiracy nonexistent while, at the same time, convicting the defendants of the substantive offenses charged.").

The government in this case seeks to rely on the substantive crimes alleged in the indictment—without any additional allegations of an agreement between conspirators—to tack on a conspiracy charge to the substantive offenses. Contrary to the government's assertion, the Defendant's position here is not based on the "sufficiency of the evidence." Rather, the indictment fails to adequately allege a conspiracy due to the absence of information in Count 1 that goes to the very core of criminality under the conspiracy statute—information about the alleged "agreement." Instead, the government seeks to establish the "agreement" necessary for a conspiracy charge based on nothing more than "piling inference upon inference," *Ingram v. United States*, 360 U.S. 672, 680 (1959), and by "suspicion and innuendo." *United States v. Palacios*, 556 F.2d 1359, 1365 (5th Cir. 1977).

Because the indictment fails to adequately allege the elements of knowledge of an agreement, intent to agree, or agreement to join a conspiracy, Count 1 of the indictment should be dismissed.

|  | Respectfully Submitted,<br>NIBEDITA MOHANTY, M.D.<br>By Counsel |
|---|---|
| GREENSPUN SHAPIRO PC |  |

BY:_____/s/_____
   Peter D. Greenspun, VSB: 18052
   Muhammad Elsayed, VSB: 86151
   3955 Chain Bridge Road, 2nd Floor
   Fairfax, Virginia 22030
   (703) 352-0100
   (703) 591-7268 (facsimile)
   pdg@greenspunlaw.com
   me@greenspunlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of January, 2015, the foregoing document was filed with the Court via CM/ECF, and a copy provided via electronic mail to the following:

>Gene Rossi, Esquire
>Assistant United States Attorney
>Jennifer Ballantyne, Esquire
>Special Assistant United States Attorney
>Nicole Grosnoff
>Special Assistant United States Attorney
>U.S. Attorney's Office
>2100 Jamieson Avenue
>Alexandria, Virginia 22314
>gene.rossi@usdoj.gov
>jennifer.ballantyne2@usdoj.gov
>nicole.grosnoff2@usdoj.gov

                                            _____/s/_____
                                            Peter D. Greenspun, Esquire (VSB 18052)
                                            Muhammad Elsayed, Esquire (VSB 86151)