UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division



FILED
IN OPEN COURT

FEB 1 3 2015

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA            )
                                    )
v.                                  )        Criminal Case 1:14CR256
                                    )
NIBEDITA MOHANTY, M.D.              )        Judge Liam O'Grady
                                    )
Defendant                           )

## PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia; Gene Rossi, Assistant U.S. Attorney, and Jennifer Ballantyne and Nicole Grosnoff, Special Assistant U.S. Attorneys; the defendant, Nibedita Mohanty, M.D.; and defendant's counsel Peter D. Greenspun have entered into a plea agreement, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

### 1.    Offense and Maximum Penalties

The defendant agrees to plead guilty to Counts Two (as amended to remove "resulting" clause), Four (as amended to remove "resulting" clause) and Forty-Four of the indictment charging the defendant with the illegal distribution and dispensing (Counts Two and Four) of oxycodone, a Schedule II controlled substance, and with health care fraud (Count Forty-Four), in violation of Title 21, United States Code, Sections 841 and 846, and in violation of Title 18, United States Code, Sections 1347 and 2. The maximum penalties for Counts Two and Four are a maximum term of imprisonment of twenty years, a fine of $1,000,000, a $100 special assessment, and at

least three years of supervised release. The maximum penalty for Count Forty-Four is a maximum term of imprisonment of ten years, a fine of $250,000, a $100 special assessment, and three years of supervised release. The defendant understands that supervised release terms are in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release. However, pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the imprisonment range within which each party may argue is a minimum sentence of thirty months and a maximum sentence of eighty-four months. The parties further understand that the Court shall be bound by the range, if the plea is accepted by the Court.

## 2. Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

## 3. Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

2

a. the right to plead not guilty and to persist in that plea;

b. the right to a jury trial;

c. the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

d. the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

### 4. Role of the Court and the Probation Office

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive within the Court-

accepted range (30-84 months), and the defendant cannot withdraw a guilty plea based upon the actual sentence within such range. However, the United States will move for three points for acceptance of responsibility.

### 5.    Waiver of Appeal, FOIA and Privacy Act Rights

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 6.    Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per each count of conviction.

### 7. Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 8. Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment or statement of facts.

### 9. Dismissal of Other Counts and Amendment of Counts Two and Four

As a condition of the execution of this agreement and the Court's acceptance of the defendant's plea of guilty, the United States will move to dismiss the remaining counts of the indictment (Counts One, Three and Five through Forty-Three) against this

defendant. In addition, the parties agree to an amendment of Counts Two and Four, under which the "resulting" clause (twenty-year minimum) will be removed.

**10.    Use of Information Provided by the Defendant Under This Agreement**

The United States will not use any truthful information provided pursuant to this agreement in any criminal prosecution against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in 18 U.S.C. § 16). Pursuant to U.S.S.G. § 1B1.8, no truthful information that the defendant provides under this agreement will be used in determining the applicable guideline range, except as provided in Section 1B1.8(b). Nothing in this plea agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

**11.    Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The United States and the defendant agree that the proper forfeiture amount is not more than $43,120, which is fully described in the

statement of facts. The defendant agrees to consent to the entry of an order of forfeiture for $43,120 and waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the admitted counts and statement of facts provide a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

12.    **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct.

13.    **Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in

consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a. The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or

adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

d.  The statement of facts signed by the defendant shall be admissible as a knowing and voluntary confession in any proceeding, hearing, or trial against the defendant regardless of whether the plea agreement is presented to or accepted by a court. Moreover, the defendant waives any rights that the defendant may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule to object to the admissibility of this statement of facts in any such proceeding, hearing, or trial.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

**14. Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the

defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente
United States Attorney

Friday
2/13/2015

By: _Gene Rossi_

Gene Rossi
Assistant U.S. Attorney

_Jennifer Ballantyne_ 2/13/15
Jennifer Ballantyne
Special Assistant U.S. Attorney

_Nicole Grosnoff_ 2/13/15
Nicole Grosnoff
Special Assistant U.S. Attorney

**Defendant's Signature**:  I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending charges (Counts 2, 4, and 44) in the plea agreement.  Further, I fully understand all rights with respect to *Title 18, United States Code, Section 3553* and the provisions of the Sentencing Guidelines Manual that may apply in my case.  I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand this agreement and voluntarily agree to it.

Date: _____2/18/2015_____  _____

Defendant Nibedita Mohanty, M.D.

**Defense Counsel Signature**: I am counsel for the defendant in this case.  I have fully explained to the defendant her rights with respect to the pending charges in the plea agreement.  Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: _2/13/15_  _____

Peter D. Greenspun, Esquire

Counsel for the Defendant